IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.:8:18CV00428 |
| | ) | |
| TWIN CREEK APARTMENTS, LLC, | ) | |
| d/b/a/ PAVILION AT TWIN CREEK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys,

files this Complaint and alleges as follows:

### **INTRODUCTION**

1.      The United States brings this action under the Servicemembers Civil Relief Act

("SCRA"), 50 U.S.C. §§ 3901-4043, against Twin Creek Apartments, LLC, d/b/a Pavilion at Twin

Creek ("Defendant") for violating the SCRA's prohibition against imposing early termination

charges when a servicemember lawfully terminates a residential lease upon receipt of qualifying

military orders.  *See* 50 U.S.C. § 3955.

2.      The purpose of the SCRA is to provide servicemembers with protections to enable

them to devote their entire energy to the defense needs of the Nation and to protect their civil rights

during military service.  *See* 50 U.S.C. § 3902.  One of those protections is the right of a lessee to

terminate a residential lease without penalty upon entering into military service or upon receiving

qualifying military orders.  50 U.S.C. § 3955(a)(1), (e)(1).  Qualifying orders include orders for a

permanent change of station, or for deployment with a military unit (or as an individual in support of a military operation) for a period of not less than 90 days. 50 U.S.C. § 3955(b)(1)(B).

3.      Upon receiving qualifying orders, the servicemember can terminate the lease without penalty, provided that the servicemember provides the lessor with (i) written notice of the termination and (ii) a copy of the servicemember's military orders.  50 U.S.C. § 3955(c)(1).

4.      The termination of the lease is effective 30 days after the first date on which the next rental payment is due after the date on which the notice is delivered. 50 U.S.C. § 3955(d)(1). The lessor may not impose an "early termination charge" against a terminating servicemember. 50 U.S.C. § 3955(e)(1).

5.      This lawsuit is brought to vindicate the rights of servicemembers who were wrongly required to pay an early termination charge by Defendant, to vindicate the public interest, and to protect servicemembers from future violations of their rights.  *See* 50 U.S.C. § 4041.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 50 U.S.C. § 4041.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in Nebraska, and because a substantial portion of the events that form the basis of the United States' claim occurred within Nebraska.

## DEFENDANT

8.      Twin Creek Apartments, LLC is incorporated in Indiana, with a principal place of business at 4007 Raynor Parkway, Bellevue, Nebraska 68123.  It does business as Pavilion at Twin Creek, a multi-family residential apartment property also located at 4007 Raynor Parkway, Bellevue, Nebraska 68123.  The property is adjacent to Offutt Air Force Base.

2

## FACTUAL ALLEGATIONS

9.  On May 4, 2017, the Department of Justice ("Department") received a referral from a U.S. Air Force attorney regarding a complaint about Defendant's compliance with Section 3955 of the SCRA, 50 U.S.C. § 3955.

10.  On June 13, 2017, the Department notified Defendant that it was opening an investigation into its residential lease termination practices with respect to the SCRA, and requested documents relating to lease termination requests and policies and procedures regarding the SCRA.

11.  Defendant provided documents and information in response to the Department's request.  Based on this information, the Department determined that Defendant imposed early termination charges on 65 servicemembers who sought to terminate their leases early due to military service.

12.  These servicemembers were charged between $78.00 and $1,498.00 when they terminated their leases upon receipt of qualifying military orders.  Some of these servicemembers requested termination after receiving orders to deploy overseas, including to Afghanistan in support of Operation Enduring Freedom.

13.  At least eight servicemembers were charged between $520.00 and $640.00 for terminating just one month before their leases were to expire.  Another servicemember was charged a $712.50 "military lease term[ination] fee" for terminating just two months before his lease was to expire in order to deploy to Afghanistan.

## SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS

14.  The SCRA provides that "[t]he lessee on a [residential] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . .

3

. .." 50 U.S.C. § 3955(a)(1).  This option applies to servicemembers who, "while in military service, execute[] the lease and thereafter receive[] military orders for a permanent change of station[, or] to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 90 days."  50 U.S.C. § 3955(b)(1)(B).  Termination may be made "by delivery by the lessee of written notice of such termination, and a copy of the servicemember's military orders, to the lessor."  50 U.S.C. § 3955(c)(1)(A).  "The lessor may not impose an early termination charge, but any taxes, summonses, or other obligations and liabilities of the lessee in accordance with the terms of the lease, including reasonable charges to the lessee for excess wear, that are due and unpaid at the time of termination of the lease shall be paid by the lessee." 50 U.S.C. § 3955(e)(1).

15.   From January 1, 2012, through June 15, 2017, Defendant imposed early termination charges on servicemembers who terminated their residential leases in compliance with the SCRA.

16.   The servicemembers who received early termination charges either entered military service, received qualifying permanent change of station orders, or received deployment orders for at least 90 days, after entering into leases with Defendant, as required by 50 U.S.C. § 3955(b)(1).

17.   The servicemembers who were subjected to early termination charges provided Defendant written notices of termination and copies of military orders, as required by 50 U.S.C § 3955(c)(1)(A).

18.   Defendant has engaged in a pattern or practice of violating 50 U.S.C. § 3955(e)(1) by imposing early termination charges against servicemembers who terminated their residential leases in compliance with the SCRA.

19.   Defendant's imposition of early termination charges against servicemembers in violation of 50 U.S.C. § 3955 raises an issue of significant public importance.

20.   The servicemembers who terminated their residential leases under the SCRA and were required to pay early termination charges are "person[s] aggrieved" under 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

21.   Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1.   Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*.;

2.   Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with Defendant from:

    a.   including a provision in any residential lease or lease addendum that requires servicemembers who terminate the lease in accordance with the SCRA to pay an early termination charge;

    b.   imposing an early termination charge when a protected servicemember terminates a residential lease early, in accordance with the SCRA;

    c.   failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the identified victims of Defendant's illegal conduct to the positions they would have been in but for that illegal conduct; and

5

      d.  failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future;

3.  Awards appropriate monetary damages under 50 U.S.C. § 4041(b)(2) to the identifiable victims of Defendant's violations of the SCRA; and

4.  Assesses civil penalties against Defendant under 50 U.S.C. § 4041(b)(3) in order to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

Plaintiff hereby requests that trial of the above and foregoing action be held in Omaha, Nebraska, and that the case be calendared accordingly.

Respectfully submitted this 11th day of September, 2018,


                                          JEFFERSON B. SESSIONS III
                                          Attorney General

JOSEPH P. KELLY                      JOHN M. GORE
United States Attorney               Acting Assistant Attorney General
District of Nebraska                 Civil Rights Division
                                            SAMEENA SHINA MAJEED
                                            Chief
                                            Housing & Civil Enforcement Section
                                          ELIZABETH A. SINGER
                                          Director, U.S. Attorneys' Fair Housing Program

6

/s/ Laurie A. Kelly
LAURIE A. KELLY, MA Bar #557575
Assistant United States Attorney
United States Attorney's Office
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel: (402) 661-3700
Fax: (402) 661-3081
Email: laurie.kelly@usdoj.gov

/s/ Nicole M. Siegel
NICOLE M. SIEGEL, NJ Bar #024832009
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Ave. NW – NWB
Washington, D.C. 20530
Email: nicole.siegel2@usdoj.gov
Tel: 202-305-0122
Fax: 202-514-1116